UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LYNN MORAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:20-CV-234 NAB |
| | ) |
| AMEN CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the response filed by plaintiff to the Order to Show Cause as to why this action should not be dismissed for lack of subject matter jurisdiction. After reviewing the response, the Court has determined that this action is subject to dismissal for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### The Civil Complaint

Plaintiff, a current pretrial detainee at the Butler County Jail, filed this action pursuant to 42 U.S.C. § 1983 on November 9, 2020, against defendants Amen Center, a Christian-based homeless shelter in Stoddard County, Missouri, as well as defendant Daniel Unknown, a person who presumably works at the homeless shelter. Plaintiff has not identified the residency of either of the defendants or himself.

Plaintiff claims that he and his wife stayed at the Amen Center on at least two occasions, the first was in January of 2020. Plaintiff states that in January, he awoke at one in the morning to a commotion and at some point, he observed Daniel coming out of the women's restroom. Plaintiff states: "There was a girl in there crying. I hid and heard him keep trying to call my wife out of her room…The women there were pressed extremely hard into having sex. Now some were willing, others were not."

Plaintiff asserts that on another such occasion, his wife had gone to the hospital for an unspecified illness. He claims that she was placed under anesthesia at the hospital, and afterwards, they attempted to return to Amen Center. Plaintiff states that his wife sat in the hallway, falling asleep, while he went into the restroom to give urine for a drug test. Plaintiff claims that after he failed the urine test and he was told to leave the Center, however, his wife was told that she could stay. Plaintiff then claims:

> They also told my wife about a week before this we didn't stay there one night so that she could have sex they were going to kick us out. When we came in that night they told us they were going to kick us out for not staying there the night before. But we were there and proved it so they said ok. Then Daniel said about how easy it is to kick someone out. I started paying attention more and there were several women who didn't want to have sex. Daniel even mentioned to me that I should give him oral sex, then played it off when I said no. Any man or woman should not be made to have sex just to stay there. I understand, even acknowledge, that some of it, even most of it is consensual but when it's not that violates your rights.

Plaintiff seeks compensatory damages as a result of his purported pain and suffering.

On November 10, 2020, the Court Ordered plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. On November 23, 2020, plaintiff filed a response to the Show Cause Order. In his response, he asserts that the Court should have jurisdiction over this action because his civil rights were violated.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish that a person acting under color of state law committed the acts which form the basis of the complaint. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Amen Center is a Christian-based, non-profit, homeless shelter. There is no indication it is a governmental entity such that it can be held liable for acts or omissions that occurred in its facility when plaintiff and his wife were staying there. Thus, there is no indication that the acts that occurred there can be held to be violations under 42 U.S.C. § 1983 such that they would confer federal jurisdiction in this Court.[1]

To the extent plaintiff is attempting to assert a state law claim against defendant Daniel Unknown on his own behalf, he has not articulated one within the confines of his complaint.[2] And it is not the Court's job to manufacture a cause of action for plaintiff. Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

As currently plead, the instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

---

[1] The Court is mindful of the egregiousness of plaintiff's allegations. In his response brief, plaintiff states that he thinks his wife "did have sex," and he asserts that he was propositioned several times by Daniel Unknown for oral sex. The crux of plaintiff's lawsuit are conclusory statements that alleged rapes occurred at the Center in order for homeless persons to be allowed to stay on at the Center. If these practices did occur, the Court encourages plaintiff to contact law enforcement in Stoddard County as soon as possible so that a criminal case can be opened to investigate the claims.

[2] In order for plaintiff to confer federal jurisdiction by stating a state law claim against Daniel Unknown, he would have to allege a diversity claim against Daniel Unknown. He would also need to allege that he and Daniel are residents of different states and that the amount in controversy of the state law claim, itself, is worth more than $75,000.

Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. It does not appear that diversity jurisdiction exists here. As noted above, plaintiff has not indicated that he is suing defendants under a cause of action other than 42 U.S.C. § 1983. Additionally, plaintiff has not indicated the residency of the defendants.[3] Furthermore, he has not indicated the amount in controversy in this matter. As a result, the Court will dismiss this action for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this _1st_ day of February, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] In his response brief, plaintiff asserts that if he wasn't in state custody he would be in Tennessee. However, he does not indicate the state of his citizenship or the amount in controversy in this action.